1  QUINTIN SHAMMAM (STATE BAR NO. 246926)
   LAW OFFICES OF QUINTIN G. SHAMMAM
2  2221 Camino del Rio South, Suite 207
   San Diego, California 92108
3  TEL: (619) 444-0001
   FAX: (619) 501-1119
4

5  Attorney for Plaintiff:
   Johan Engman
6

7

8                   UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

   Johan Engman, an individual,    )  Case No.: _'16CV0209 AJB JMA_
10                                  )
                                    )  COMPLAINT FOR DAMAGES AND
11                      Plaintiff,  )  INJUNCTIVE RELIEF UNDER THE
                                    )  TELEPHONE CONSUMER PROTECTION
12              vs.                 )  ACT, 47 U.S.C. § 227 *ET SEQ.*
                                    )
13                                  )  JURY TRIAL DEMANDED
   JP MORGAN CHASE BANK,            )
14                                  )
                                    )
15                    Defendant.    )
                                    )
16  _____)

17      Plaintiff, Johan Engman ("Plaintiff") alleges as follows:

18                        **INTRODUCTION**

19  1.   Defendant, JP MORGAN CHASE BANK ("Defendant"), negligently

20  and/or willfully contacted Plaintiff on his cellular telephone

21  in violation of the Telephone Consumer Protection Act, 47 U.S.C.

22  § 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy.

23  2.   Under the TCPA it is unlawful for a party to call a

24  cellular telephone number using an automatic telephone dialing

25  system   or   artificial   or   prerecorded   voice   without   the

26  recipient's prior express consent.

27  ////

28  ////

_____

                              -1-

        PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**JURISDICTION AND VENUE**

3.    This court's jurisdiction arises under the TCPA over which the U.S. District Court has original subject matter jurisdiction under 28 U.S.C. § 1331, (*Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740,753 (2012)).

4.    Venue is proper in the United States District Court for the Southern District of California under 18 U.S.C. § 1391(b) because the Defendant is registered as a corporation with the California Secretary of State and does business within the State of California and the County of San Diego.

**PARTIES**

5.    Plaintiff is an individual and resident of California. Plaintiff is a person under 47 U.S.C. § 153(39).

6.    Defendant regularly does business in the State of California and maintains an agent for service of process within the State of California.

7.    Defendant is a corporation and/or national banking association and thus a person as defined by 47 U.S.C. § 153(39).

**FACTUAL ALLEGATIONS**

8.    Plaintiff owed money on a mortgage. Between May 8, 2015, and May 29, 2015, Defendant used an artificial and/or prerecorded voice message when contacting Plaintiff's cellular phone in connection with collection of Plaintiff's mortgage debt.

9.    Plaintiff knew Defendant was calling using an artificial and/or prerecorded voice message because he heard a computer generated voice that identified Defendant as the caller and the content of the artificial or pre-recorded message stated that

-2-

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1  "[t]his is Chase calling with an important message for the
2  mortgage customer at this phone number please contact us at 800-
3  848-9380." The voice on the other end of the calls did not
4  respond to Plaintiff's voice or questions but was merely a
5  recording that also included silence with no live person
6  responding.
7  10.  Defendant contacted Plaintiff using artificial or
8  prerecorded voice message, as identified above, at least 12
9  times.
10  11.  Plaintiff never provided his cellular telephone number to
11  Defendant and never gave Defendant consent to contact him on his
12  cellular telephone with an artificial or prerecorded voice
13  message.
14  12.  Plaintiff spoke with Defendant's representatives and
15  demanded that he not receive any calls from Defendant whether it
16  be live or an artificial or prerecorded voice message.
17  Nevertheless, Defendant continued to contact Plaintiff using an
18  artificial or prerecorded voice message despite his demand that
19  Defendant not contact him.
20  13.  Defendant's artificial or prerecorded voice messages to
21  Plaintiff's cellular telephone continued weekly, including calls
22  in the early morning.
23  14.  Defendant's telephone calls, all prior to the date this
24  complaint was filed, but sometime after four years prior to the
25  date this complaint was filed, were directed to Plaintiff on his
26  cellular telephone with an artificial or pre-recorded voice as
27  prohibited by 47 U.S.C. § 227(b)(1)(A)(iii).
28  15.  The telephone number Defendant called was assigned to a

-3-

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1 cellular telephone service for which Plaintiff incurs a charge

2 for incoming calls under 47 U.S.C. § 227(b)(1)(A)(iii).

3 16. Plaintiff did not provide prior express consent to

4 Defendant to receive calls on his cellular telephone, under 47

5 U.S.C. § 227(b)(1)(A).

6 17. These telephone calls by Defendant violated the TCPA.

7 **FIRST CAUSE OF ACTION**

8 **NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

9 **47 U.S.C. §227 *ET SEQ.***

10 18. Plaintiff incorporates by reference all of the above

11 paragraphs of this complaint as though fully stated herein.

12 19. The foregoing acts and omissions of Defendant constitutes

13 numerous and multiple negligent violations of the TCPA,

14 including but not limited to each and every one of the above-

15 cited provisions of 47 U.S.C. § 227 *et seq.*

16 20. As a result of Defendant's negligent violations of 47

17 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of

18 $500.00 in statutory damages, for each and every violation,

19 under 47 U.S.C. § 227(b)(3)(B).

20 21. Plaintiff is also entitled to injunctive relief prohibiting

21 such conduct in the future.

22 **SECOND CAUSE OF ACTION**

23 **KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER**

24 **PROTECTION ACT**

25 **47 U.S.C. §227 *ET SEQ***

26 22. Plaintiff incorporates by reference all of the above

27 paragraphs of this complaint as though fully stated herein.

28 23. The foregoing acts and omissions of Defendant constitute

PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  numerous and multiple knowing and/or willful violations of the

2  TCPA, including but not limited to each and every one of the

3  above-cited provisions of 47 U.S.C. § 227 *et seq.*

4  24. As a result of Defendant's knowing and/or willful

5  violations of 47 U.S.C. § 227 *et seq.*,Plaintiff is entitled to

6  treble damages, as provided by statute, up to $1,500, for each

7  and every violation, under 47 U.S.C. § 227(b)(3)(B)and 47 U.S.C.

8  § 227(b)(3)(C).

9  25.  Plaintiff is also entitled to injunctive relief prohibiting

10  such conduct in the future.

11  **PRAYER FOR RELIEF**

12  Wherefore, Plaintiff respectfully requests the Court grant

13  him the following relief against Defendant:

14  **FIRST CAUSE OF ACTION**

15  **NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

16  **47 U.S.C. §227 *ET SEQ.***

17  As a result of Defendant's negligent violations of 47

18  U.S.C. § 227(b)(1), Plaintiff seeks (1) $500.00 in statutory

19  damages, for each and every violation, under 47 U.S.C. §

20  227(b)(3)(B); (2) injunctive relief prohibiting such conduct in

21  the future under 47 U.S.C. § 227(b)(3)(A); and (3) any other

22  relief the Court may deem just and proper.

23  **SECOND CAUSE OF ACTION**

24  **KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER**

25  **PROTECTION ACT**

26  **47 U.S.C. § 227 *ET SEQ***

27  As a result of Defendant's knowing and/or willful

28  violations of 47 U.S.C. § 227(b)(1),Plaintiff seeks (1) treble

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1   damages, as provided by statute, up to $1,500, for each and

2   every violation, under 47 U.S.C. § 227(b)(3)(B)and 47 U.S.C. §

3   227(b)(3)(C); (2) injunctive relief prohibiting such conduct in

4   the future under 47 U.S.C. § 227(b)(3)(A); and (3) any other

5   relief the Court may deem just and proper.

6                         **TRIAL BY JURY**

7        Under the seventh amendment to the Constitution of the

8   United States of America, Plaintiff is entitled to, and demands,

9   a trial by jury.

10

11  DATED:___1/26/2016_____        LAW OFFICES OF QUINTIN G. SHAMMAM

12

13                                   By:__s/Quintin G. Shammam_____
                                        QUINTIN G. SHAMMAM, Attorney
14                                      for Plaintiff, Johan Engman.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____

-6-

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**